IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **WILLIAM D. JONES,** | ) | CASE NO. 8:07CV309 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| **U.S. MERIT SYSTEMS PROTECTION BOARD,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on Defendant's Motion to Dismiss. (Filing No. 11.) In support of its Motion, Defendant filed a Brief in Support (Filing No. 13) and an Index of Evidence. (Filing No. 12.) Plaintiff filed an Opposition to the Motion. (Filing No. 14.) Also pending before the court are four separate Motions to Include Evidentiary Materials (Filing Nos. 19, 21, 22, and 24), filed by Plaintiff.

## I.   BACKGROUND

Plaintiff filed his Complaint in this matter on August 10, 2007, against the United States Merit Systems Protection Board (the "MSPB"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges that he filed a petition with the MSPB, requesting that it reopen his appeal to "review new and material evidence." (*Id.* at CM/ECF p. 2.) On July 20, 2007, "a MSPB administrator declined the petition and told [Plaintiff] not to contact the MSPB." (*Id.*) Plaintiff alleges that he submitted the petition to the MSPB "pursuant to the advice of the District Court" in a previously-dismissed case filed in this court. (*Id.*)

Defendant filed its Motion to Dismiss on November 12, 2007, asserting that this court lacks subject matter jurisdiction over Plaintiff's claims. (Filing No. 11.) Plaintiff

apparently agrees that this court lacks subject matter jurisdiction, but requests that the court transfer this action to the appropriate jurisdiction. (Filing No. 15 at CM/ECF p. 3.)

## II. ANALYSIS

### A. Standard of Review

In order to withstand a motion to dismiss, pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### B. Subject Matter Jurisdiction

As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3). The Civil Service Reform Act (the "CSRA") provides that "a petition to review a final order or final decision of the [Merit Systems Protection] Board shall be filed in the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7702(b)(1). The only exception to this jurisdictional requirement is a case involving discrimination. 5 U.S.C. § 7702(b)(2).

Here, it is undisputed that Plaintiff sent a letter to the MSPB on March 31, 2007, which requested that the MSPB reopen his 1979 case based on the "withholding, alteration and destruction of evidence." (Filing No. 12, Attach. 1, at CM/ECF p. 10.) It is further undisputed that a clerk at the MSPB declined Plaintiff's request to reopen his case. (*Id.* at CM/ECF p. 11.) If Plaintiff wishes to challenge this decision, he must seek review in the United States Court of Appeals for the Federal Circuit under the CSRA. This court lacks subject matter jurisdiction over Plaintiff's claims and this matter is therefore dismissed.

### C.     Transfer of Plaintiff's Claims

The court notes that Plaintiff first sought relief relating to his termination from the Farm Credit Administration in 1979. That decision was final on April 19, 1982. *See Jones v. United States Merit Sys. Prot. Bd.,* No. 8:05CV80, 2005 WL 2445899, *2 (D. Neb. Oct. 3, 2005). Plaintiff has instituted no fewer than five different actions before the MSPB, the Federal Circuit, and this court relating to his termination. As recently as 2005, Plaintiff filed similar claims, which were dismissed in a thorough and well-reasoned opinion by Judge Kopf. *See Jones,* 2005 WL 2445899. Substantial resources have been devoted to the litigation and re-litigation of Plaintiff's claims for nearly 30 years.

While this court has the discretion to transfer Plaintiff's claims to the appropriate jurisdiction pursuant to 28 U.S.C. § 1631, transfer would be futile in this matter. As set forth in *Haines v. Merit Sys. Prot. Bd.*, 44 F.3d 998 (Fed. Cir. 1995), an administrative response from the clerk of the MSPB is not a final order of the MSPB, but merely the exercise of a "ministerial function." *Id.* at 1000. Thus, a clerk's administrative response is not subject to review by the Federal Circuit. In *Haines*, the plaintiff sent three letters to

the MSPB seeking to reopen a final decision which had already been affirmed by the Federal Circuit. *Id.* at 999. The MSPB clerk responded with a letter stating that the MSPB had no plans to reopen the case. In holding that the letters were not a final order, the Federal Circuit cautioned against construing such administrative responses as final orders:

> Having lost once and finally, including upon review by us, a disappointed petitioner could repeatedly generate further appeals to us, one for each "denial" of successive petitions to the Board for it to reopen. . . . To proceed down this road would fly in the face of the regulations, the premise of the [Civil Service Reform] Act, and judicial economy. We decline petitioner's invitation to do so.

*Id.* at 1001.

Plaintiff here is in the same position as the plaintiff in *Haines*. The response from the MSPB clerk constitutes nothing more than an administrative response and is not a final order subject to review by the Federal Circuit. Further, the court agrees with Judge Kopf's 2005 decision. It is clear that Plaintiff here "lost once and finally." Transferring this matter to the Federal Circuit is not in the interest of justice and the court declines to do so.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1);

2. Plaintiff's pending Motions to Include Evidentiary Materials (Filing Nos. 19, 21, 22, and 24) are denied as moot; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 7th day of April, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

4